COMMERCIAL INVESTMENT TRUST CORPORATION v. MARMILLION

(October 21, 1929. Opinion and Decree.)
(November 18, 1929. Rehearing Refused.)

William J. Curren, of New Orleans, attorney for plaintiff and appellant.

J. W. Woodville, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff, alleging itself to be the holder and owner in due course of defendant's promissory note in the sum of $348, secured by a chattel mortgage upon an automobile, sued out executory process and caused the automobile to be seized. Defendant averring that his signature to the note and mortgage were

forgeries caused a rule nisi to issue ordering plaintiff to show cause why the seizure should not be enjoined. After a hearing the rule was made absolute and a preliminary injunction issued. Plaintiff appeals from this judgment.

The sole issue before us is the question of the validity of the defendant's signature. Both defendant and his wife, when confronted with the act of mortgage, denied that the signature appearing thereon, purporting to be that of defendant, was genuine, but defendant also denied, and afterwards admitted, that his signature to the petition for injunction was genuine, and a comparison of all three signatures, that of the note, the chattel mortgage, and the petition, convinces us that they were written by the same hand. His counsel, in arguing the case before us, was frank enough to admit their similarity, and they seem to us to be identical.

For the reasons assigned the judgment appealed from is reversed, the preliminary writ of injunction avoided, set aside, and recalled, and this case remanded for further proceedings consistent with the views herein expressed.

Judgment reversed, and case remanded.